IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| -vs- ) | Case No. 4:05-cv-075 |
| ) | |
| LAWRENCE P. MILLER, a/k/a ) | FINDINGS OF FACT, |
| LAWRENCE PAUL MILLER, a/k/a ) | CONCLUSIONS OF LAW, AND |
| LARRY MILLER; CARL MILLER, a/k/a ) | ORDER FOR JUDGMENT |
| CARL F. MILLER; MARGARET MILLER, ) | |
| a/k/a MARGARET A. MILLER; STARION ) | |
| FINANCIAL, f/k/a FIRST SOUTHWEST ) | |
| BANK; DARRIN HOGER; and DANIEL ) | |
| HOGER, ) | |
| ) | |
| Defendants. ) | |

The above-entitled case came before the Court at Bismarck, North Dakota, on June 26, 2006, upon the motion of the United States of America, by Drew H. Wrigley, United States Attorney for the District of North Dakota, attorneys for the plaintiff, for entry of default and judgment by default against defendants Starion Financial, f/k/a First Southwest Bank; Darrin Hoger and Daniel Hoger.  Evidence was adduced for and on behalf of the United States in support of its motion aforesaid and no one appeared for or in behalf of the defendants, except that attorney Thomas D. Kelsch filed an answer for defendants Carl Miller, a/k/a Carl F. Miller (hereinafter referred to as Carl Miller) and Margaret Miller, a/k/a Margaret A. Miller (hereinafter referred to as Margaret Miller) , and on March 27, 2006, executed a Stipulation for Entry of Judgment, which Stipulation is filed for record with this Court, and except that defendant Lawrence P. Miller, a/k/a Lawrence Paul Miller, a/k/a Larry Miller (hereinafter referred to as Lawrence Miller) did

appear through his attorney Ross H. Espeseth, but served no answer upon the attorney for the plaintiff or filed an answer with the Clerk.  The plaintiff served upon defendant Lawrence Miller through his attorney, Ross H. Espeseth, a three-day notice of the United States' intent to enter default judgment and, thereafter, defendant Lawrence Miller entered into a Stipulation for Entry of Judgment, which Stipulation is filed for record with this court.  Defendants Starion Financial, f/k/a First Southwest Bank; Darrin Hoger; and Daniel Hoger, are in default.  Upon review of the file, the Court notes that:

Now, upon the evidence adduced by the United States and upon due consideration of all matters pertaining to the records herein, the Court makes the following:

## FINDINGS OF FACT

## FIRST CAUSE OF ACTION

1.

Defendant Lawrence Miller for value received, made, executed and delivered to the United States, acting through the Farm Service Agency ("FSA"), formerly known as Farmers Home Administration ("FmHA"), the following promissory notes in writing, wherein and whereby he promised to pay to the United States the following-stated principal amounts plus interest on the unpaid principal balances at the stated rates until paid[1]:

Date of                                             Annual Rate

---

[1] Copies of all exhibits referenced in this Complaint such as, but not limited to, promissory notes, chattel security agreements, financing statements, continuations, subordination, and statement of account, are attached to the Complaint.  The exhibit letter of each attachment is noted by the described document.

| Instrument | Amount | of Interest | Exhibit |
|---|---|---|---|
| January 23, 1997 | $54,660.00 | 5% | "A" |
| January 23, 1997 | $20,000.00 | 5% | "B" |
| March 12, 1998 | $43,402.30 | 5% | "C" |

(Reschedule of Note listed as Exhibit "A" with Addendum for Deferred of Interest)

| | | | |
|---|---|---|---|
| March 12, 1998 | $21,131.51 | 5% | "D" |

(Reschedule of Note listed as Exhibit "B" with Addendum for Deferred Interest)

| | | | |
|---|---|---|---|
| April 10, 2002 | $48,900.00 | 4.75% | "E" |

2.

To secure the balance due and owing on the promissory notes listed in paragraph 1, defendant Lawrence Miller, made, executed and delivered to United States a Security Agreement (Chattel Property and Fixtures) on or about January 23, 1997 (Exhibit "F"), and a Security Agreement (Chattels and Crops) on or about September 19, 2003 (Exhibit "G"), wherein and whereby he granted to the United States a security interest in all crops, livestock, farm and other equipment, and inventory, then owned or thereafter acquired, together with all replacements, substitutions, additions and accessions, including, but not limited to, the specific items of farm machinery and other equipment and livestock and crops described in the Security Agreements.

3

3.

To perfect the security agreements described in paragraph 2, a financing statement was filed on January 13, 1997, as Document No. 97-000651972 (Exhibit "H"), amendments to the financing statement were filed on March 28, 2000, as Document No. 00-000930216 (Exhibit "I"), and on June 14, 2001 as Document No. 01-001021790 (Exhibit "J"), and a continuation on November 21, 2001, as Document No. 01-001054505 (Exhibit "K").  The financing statements were filed with the County Recorder of Morton County, North Dakota.

4.

Defendant Lawrence Miller has defaulted in the payment of the promissory notes listed above in that he has failed to make timely payments of principal and interest as required.

5.

By reason of the defaults in the covenants and conditions of the security agreements and promissory notes listed above, the United States has declared the entire amount of the indebtedness, as evidenced by the promissory notes herein, due and owing. All administrative and servicing actions have been completed and the United States has provided defendant Lawrence Miller with all of the notices required by federal law.

6.

The United States is still the owner and holder of the promissory notes and security agreements described above, and there is now due and owing on the indebtedness evidenced thereby as follows:

| Promissory Note | Amount | Exhibit | Status/Principal Due | Interest to 06/14/05 | Rate |
|---|---|---|---|---|---|
| 01/23/1997 | $54,660.00 | A | rescheduled by Ex. C | | |
| 01/23/1997 | $20,000.00 | B | rescheduled by Ex. D | | |
| 03/12/1998 | $43,402.30 | C | $39,627.11 | $15,295.41 | 5% |
| 03/12/1998 | $21,131.51 | D | $17,877.09 | $6,801.24 | 5% |
| 04/10/2002 | $48,900.00 | E | $44,120.49 | $5,500.56 | 4.75% |
| Protective Advances[2] $38.10 | | | $38.10 | $3.86 | $.0052/day |

**TOTAL as of 06/14/2005**            **$129,263.86**

Interest will continue to accrue at the rates stated above until date of judgment, after which interest will accrue at the judgment rate until paid in full.

7.

In addition to the foregoing indebtedness, there may also be due additional costs and expenses yet to be incurred which are chargeable under the terms of the notes and security agreements including, but not limited to, recording fees, attorneys fees, court costs and expenses.

---

[2] Protective advances are due and payable under the terms of the loan documents and have been paid out to cover payment of lien search and filing fees.

5

8.

Defendant Starion Financial, formerly known as First Southwest Bank (hereinafter referred to as Starion), holds a security interest in all or a portion of defendant Lawrence Miller's crops and livestock, and other chattel property.  To perfect its security interest, Starion filed a financing statement on April 9, 2001, as Document No. 01-001006137, which covered all inventory, equipment, livestock and crops.  An amended financing statement was filed on January 7, 2002, as Document No. 02-000002418 to cover all deposit accounts.  An amended financing statement was filed on July 26, 2001, as Document No. 01-001030078, to cover a Case IH tractor Model #7120, SN JJA0040229 and a Duall Loader Model 305, SN 1264.  The financing statements were filed with the County Recorder of Morton County, North Dakota.  In accordance with a "Subordination by the Government" (Exhibit "M") executed on or about April 4, 2002, the security interest held by Starion is senior and superior to the security interests held by the United States, but only up to $3,849.63 plus interest from December 13, 2005, until paid in full.

9.

On or about April 15, 2003, defendant Carl F. Miller, filed an Agricultural Supplier's Lien/Notice in the amount of $7,827.00 against defendant Lawrence P. Miller's 54 head of cattle.  The notice was filed for record in the Office of the County Recorder, Morton County, North Dakota, as File No. 03-000105257-7.  On July 9, 2003, defendant Carl P. Miller filed an amendment to the supplier's lien filed on April 15, 2003, which amendment corrected the social security number of defendant Lawrence P. Miller.

That on or about March 27, 2006, Thomas D. Kelsch, counsel for defendants Carl F. Miller and Margaret A. Miller, entered into a Stipulation for Entry of Judgment as to Defendants Carl F. Miller and Margaret A. Miller, consenting to judgment against them as prayed for in the complaint, except as modified by the Stipulation which provides in part provides for disbursement of livestock and chattel proceeds.  The Stipulation is filed for record with this court.

10.

On or about April 15, 2003, defendants Carl F. Miller and/or Margaret A. Miller filed an Agister's Lien/Notice in the amount of $1,987.00 against defendant Lawrence P. Miller's 54 head of cattle.  The notice was filed for record in the Office of the County Recorder, Morton County, North Dakota, as File No. 03-000105260-2.  On July 9, 2003, defendants Carl P. Miller and Margaret A. Miller filed an amendment to the Agister's Lien/Notice filed on April 15, 2003, which amendment corrected the social security number of defendant Lawrence P. Miller.  That on or about March 27, 2006, Thomas D. Kelsch, counsel for defendants Carl F. Miller and Margaret A. Miller, entered into a Stipulation for Entry of Judgment as to Defendants Carl F. Miller and Margaret A. Miller, consenting to judgment against them as prayed for in the complaint, except as modified by the Stipulation which provides in part provides for disbursement of livestock and chattel proceeds.  The Stipulation is filed for record with this court.

11.

On or about July 9, 2003, defendants Carl F. Miller and/or Margaret A. Miller filed an Agister's Lien/Notice in the amount of $2,661.43 against defendant Lawrence P. Miller's 54 head of cattle. The notice was filed for record in the Office of the County Recorder, Morton County, North Dakota, as File No. 03-000121590. That on or about March 27, 2006, Thomas D. Kelsch, counsel for defendants Carl F. Miller and Margaret A. Miller, entered into a Stipulation for Entry of Judgment as to Defendants Carl F. Miller and Margaret A. Miller, consenting to judgment against them as prayed for in the complaint, except as modified by the Stipulation which provides in part provides for disbursement of livestock and chattel proceeds. The Stipulation is filed for record with this court.

12.

On or about September 12, 2003, defendants Carl F. Miller and/or Margaret A. Miller filed an Agister's Lien/Notice in the amount of $1,193.40 against defendant Lawrence P. Miller's 30 head of cattle. The notice was filed for record in the Office of the County Recorder, Morton County, North Dakota, as File No. 03-000133847-0. That on or about March 27, 2006, Thomas D. Kelsch, counsel for defendants Carl F. Miller and Margaret A. Miller, entered into a Stipulation for Entry of Judgment as to Defendants Carl F. Miller and Margaret A. Miller, consenting to judgment against them as prayed for in the complaint, except as modified by the Stipulation which provides in part provides

for disbursement of livestock and chattel proceeds.  The Stipulation is filed for record with this court.

13.

Defendants Carl Miller and/or Margaret Miller sold livestock owned by defendant Lawrence Miller sometime on or after January 1, 2003, and received the proceeds.  The proceeds from this sale were deposited in an account controlled or held by defendant Carl Miller at Starion Financial, and the amount of the proceeds is now approximately $24,341.90.  In accordance with the Security Agreement described in paragraph 2 above, these proceeds are subject to the security interest held by the United States.  As to these proceeds in the approximate amount of $24,341.90, plus accrued interest, the United States' security interest is superior to any interest held by defendants Lawrence Miller, Darrin Hoger, and/or Daniel Hoger.  That on or about March 27, 2006, Thomas D. Kelsch, counsel for defendants Carl Miller and Margaret Miller, entered into a Stipulation for Entry of Judgment as to Defendants Carl Miller and Margaret Miller, consenting to judgment against them as prayed for in the complaint, except as modified by the Stipulation which provides in part that Carl Miller and Margaret Miller shall retain the sum of $14,000.00 from the total proceeds described herein for application toward the debt owed to them by defendant Larry Miller and the balance of the proceeds shall be paid to the United States for application toward the debt owed to the United States by defendant Larry Miller.  The Stipulation is filed for record with this court.

14.

On or about September 11, 2003, defendant Darrin Hoger, filed an Agricultural Supplier's Lien/Notice in the amount of $2,300.00 against all of defendant Lawrence Miller's livestock. The notice was filed for record in the Office of the County Recorder, Morton County, North Dakota, as File No. 03-000133482-9. The interest held by defendant Darrin Hoger, if any, is inferior and junior to the security interest held by the United States.

15.

On or about September 12, 2003, defendant Daniel Hoger filed an Agricultural Supplier's Lien in the amount of $3000.00 against all of defendant Lawrence Miller's livestock. The notice was filed for record in the Office of the County Recorder, Morton County, North Dakota, as File No. 03-000133774-2. The interest held by defendant Daniel Hoger, if any, is inferior and junior to the security interest held by the United States.

16.

Defendant Lawrence Miller sold a Case IH model 2394 tractor through Bitz Auction. The net sale proceeds are in the form of a check issued on November 5, 2003, by Bitz Auction & Clerking in the amount of $9,272.00 and made payable to defendants Larry Miller, Carl Miller, Starion Financial and Farm Service Agency. Defendant Lawrence Miller owned at least fifty percent of this tractor when he executed the security agreement referenced in paragraph 2 above and dated September 19, 2003, and he owned

fifty percent or more of this tractor when it was sold.  Therefore, at least fifty percent of the net sales proceeds are attributable to defendant Lawrence Miller and subject to the security interest held by the FSA.  The United States' security interest is superior to any interest held by Defendant Lawrence Miller.  As to that portion of the tractor sale proceeds attributable to defendant Lawrence Miller, which is fifty percent or more, the United States' security interest is superior to any interest held defendant Carl Miller.  As to these proceeds, the lien held by Starion Financial is superior to the lien held by the United States, but only up to $3,849.63 plus interest from December 13, 2005, until paid in full.  That on or about March 27, 2006, Thomas D. Kelsch, counsel for defendants Carl Miller and Margaret Miller, entered into a Stipulation for Entry of Judgment as to Defendants Carl Miller and Margaret Miller, consenting to judgment against them as prayed for in the complaint, except as modified by the Stipulation which provides in part that Carl Miller shall endorse the check described above and the proceeds shall be distributed as follows:  Carl Miller and Margaret Miller are to receive $4,172.40; Starion Financial the sum of $3,849.63, plus interest from December 13, 2005, until paid in full, for application toward the debt owed by defendant Lawrence Miller, in full satisfaction of its security interest; and the remaining balance to be paid to the United States for application toward the debt owed to the United States by defendant Lawrence Miller.  The Stipulation is filed for record with this court.

17.

Defendant Lawrence Miller sold livestock subject to the security interest held by the United States.  The net sales proceeds were in the form of a two checks issued by Farm Credit Services on or about November 11, 2003.  Both checks were in the amount of $34,200, and both checks were made payable to: Farmers Home Administration and defendants Lawrence P. Miller, Carl F. and Margaret A. Miller, and Starion Financial Bank.  The above-described checks were cancelled and reissued by Farm Credit Services on or about April 14, 2005.  The reissued checks are identified as check nos. 74258877 and 74258878.  The United States has possession of the reissued checks.  The reissued checks are payable to the same parties and in the same amounts as the original checks.  In accordance with the Security Agreements described in paragraph 2 above, the proceeds represented by Farm Credit Services check nos. 74258877 and 74258878 are subject to the security interest held by the United States.  The United States' security interest is superior to any interest held by defendants Lawrence Miller, Darrin Hoger, and/or Daniel Hoger.  That on or about March 27, 2006, Thomas D. Kelsch, counsel for defendants Carl Miller and Margaret Miller, entered into a Stipulation for Entry of Judgment as to Defendants Carl Miller and Margaret Miller, consenting to judgment against them as prayed for in the complaint, except as modified by the Stipulation which provides in part that defendants Carl Miller and Margaret Miller shall endorse the checks described herein.  A copy of the Stipulation is filed for record with this court.

18.

Defendant Lawrence Miller sold livestock subject to the security interest held by the United States.  The net sales proceeds are in the form of a check issued on January 2, 2004, by Farmers Livestock in the amount of $37,615.13, and made payable to defendants Larry Miller, Carl Miller, Darrin Hoger, Daniel Hoger, Starion Financial, and FSA.  In accordance with the Security Agreements described in paragraph 2 above, the proceeds represented by the Farmers Livestock check are subject to the security interest held by the United States.  The United States' security interest is superior to any interest held by defendants Lawrence Miller, Darrin Hoger, and/or Daniel Hoger. That on or about March 27, 2006, Thomas D. Kelsch, counsel for defendants Carl Miller and Margaret Miller, entered into a Stipulation for Entry of Judgment as to Defendants Carl Miller and Margaret Miller, consenting to judgment against them as prayed for in the complaint, except as modified by the Stipulation which provides in part that defendants Carl Miller and Margaret Miller shall endorse the checks described herein.  The Stipulation is filed for record with this court.

19.

That defendant Lawrence Miller is not in the Armed Forces of the United States.

From the foregoing Findings of Fact, the Court makes the following:

CONCLUSIONS OF LAW

1.

The Court has jurisdiction over the subject matter of this action and the parties named in it.

2.

The defendants have been duly and regularly served in this action according to law.

3.

The United States is still the owner and holder of the promissory notes and security agreements and there is now due and owing to the United States by defendant Lawrence P. Miller, a/k/a Lawrence Paul Miller, a/k/a Larry Miller, on the promissory note dated March 12, 1998 in the original principal amount of $43,402.30, principal in the sum of $39,627.11, and interest to date of June 14, 2006, of $15,295.41; on the promissory note dated March 12, 1998 in the original principal amount of $21,131.51, principal in the sum of $17,877.09, and interest to date of June 14, 2006, of $6,801.24; on the promissory note dated April 10, 2002 in the original principal amount of $48,900.00, principal in the sum of $44,120.49, and interest to date of June 14, 2006, of $5,500.56; and for sums advanced for protective advances due and payable under the terms of the loan documents that have been paid out to cover payment of lien search and filing fees, principal in the sum of $38.10 and interest to June 14, 2005 of $3.86; together with costs and disbursements of this action amounting to $350.00, making a total of $129,613.86, as

of June 14, 2006, plus prejudgment interest which accrues at a daily rate of $13.6242 until the date of entry of judgment, with interest accruing after entry of judgment at the legal rate until paid in full.

4.

The Plaintiff has a second, valid and subsisting lien on all of the crops, livestock, farm machinery and other equipment and inventory now owned by defendant Lawrence Miller as described in the Security Agreement (Chattel Property and Fixtures) dated January 23, 1997, and Security Agreement (Chattels and Crops) dated September 19, 2003, including but not limited to the specific items specified in the security agreements as described in paragraphs 2 of the Complaint and the Findings of Fact herein, subject to the lien of defendant Starion Financial, f/k/a First Southwest Bank against defendant Lawrence Miller's crops, livestock and chattel property is senior to and superior to the security interests of the United States, but only up to the sum of $3,849.63, plus interest from December 13, 2005, until paid in full; and subject to the liens of defendants Carl Miller and Margaret Miller against the chattel property and/or proceeds described in the United States' Complaint and the Finding of Fact herein, which are limited to the sums of $14,000.00 and $4,172.40, are inferior and subordinate to the interests of the United States; and the plaintiff is entitled to foreclose its security agreements and to have the crops and chattel property sold and the proceeds of the sale applied to the indebtedness owed by defendant Lawrence P. Miller, a/k/a Lawrence Paul Miller, a/k/a Larry Miller.

5.

That the liens and interests of defendants Lawrence P. Miller, a/k/a Lawrence Paul Miller, a/k/a Larry Mille, Darrin Hoger and Daniel Hoger, if any, are junior to and inferior to the liens of the United States.

6.

The United States is entitled to foreclose its security agreements and to have the chattels sold after advertisement by the United States Marshal and to have and receive the proceeds of the sale, after the payment of the costs of this action and the costs of the sales incurred in it, applied to the indebtedness described above against defendant Lawrence P. Miller, a/k/a Lawrence Paul Miller, a/k/a Larry Miller.

7.

That the United States Marshal for the District of North Dakota shall sell the crops and chattel property in such location and upon such terms and conditions as the United States Marshal deems appropriate (which may include the option to retain the services of a professional auctioneer), after having advertised in a newspaper of general circulation for a period of two successive weeks in the manner and form prescribed by law.  That the proceeds from the sale, after the payments of the costs of sale, be applied to the amount adjudged to be due and owing to the United States by defendant Lawrence P. Miller, a/k/a Lawrence Paul Miller, a/k/a Larry Miller, and that any surplus proceeds shall be turned over to the Court for deposit in the registry fund, or any other account the Court deems appropriate, and for distribution according to law.

8.

That defendant Lawrence Miller, within fifteen (15) days of entry of judgment, shall endorse the checks listed below which constitute proceeds from the sale of chattel property and livestock:

Check No. 742458877 dated April 14, 2005, issued by Farm Credit Services in the sum of $34,200.00;
Check No. 742458878 dated April 14, 2005, issued by Farm Credit Services in the sum of $34,200.00;
Check dated January 2, 2004, issued by Farmers Livestock Exchange in the sum of $37,615.13;
Check dated November 5, 2003, issued by Bitz Auction in the sum of $9,272.00.

9.

That defendant Darrin Hoger within fifteen (15) days following the entry of judgment, shall endorse Check dated January 2, 2004, issued by Farmers Livestock Exchange in the sum of $37,615.13, which check is in the possession of the United States;

10.

That defendant Daniel Hoger within fifteen (15) days following the entry of judgment, shall endorse Check dated January 2, 2004, issued by Farmers Livestock Exchange in the sum of $37,615.13, which check is in the possession of the United States;

11.

That defendants Carl F. Miller, and Margaret Miller within fifteen (15) days following the entry of judgment, shall endorse the following checks which are in the possession of the United States:

>    Check No. 742458877 dated April 14, 2005, issued by Farm Credit Services in the sum of $34,200.00;
>    Check No. 742458878 dated April 14, 2005, issued by Farm Credit Services in the sum of $34,200.00;
>    Check dated January 2, 2004, issued by Farmers Livestock Exchange in the sum of $37,615.13;

12.

That defendant Starion Financial, f/k/a First Southwest Bank, within fifteen (15) days of entry of judgment, shall endorse the checks listed below which constitute proceeds from the sale of chattel property and livestock:

>    Check No. 742458877 dated April 14, 2005, issued by Farm Credit Services in the sum of $34,200.00;
>    Check No. 742458878 dated April 14, 2005, issued by Farm Credit Services in the sum of $34,200.00;
>    Check dated January 2, 2004, issued by Farmers Livestock Exchange in the sum of $37,615.13;
>    Check dated November 5, 2003, issued by Bitz Auction in the sum of $9,272.00.

13.

Upon all endorsements being obtained on the check issued by Bitz Auction on November 5, 2003 in the sum of $9,272.00, the proceeds shall be distributed as follows:

>    a)   Defendant Starion Financial, f/k/a First Southwest Bank shall receive the sum of $3,849.63 plus interest from the date of December 13, 2005, until paid in full;

      b)    Defendants Carl Miller and Margaret Miller shall receive the sum of $4,172.20;

      c)    The United States shall receive the balance of the funds for application to the debt owed to the United States by defendant Lawrence P. Miller.

14.

The funds currently on deposit at Starion Financial, f/k/a First Southwest Bank under the account of Carl Miller and Margaret Miller, in the approximate sum of $24,341.90, plus accrued interest, which constitute funds from the sale of livestock, shall within fifteen days of entry of judgment, be disbursed as follows:

      a)    Defendants Carl Miller and Margaret Miller shall receive the sum of $14,000.00 for the debt owed to them by defendant Lawrence Miller;

      b)    The United States shall receive the balance of the funds for application to the debt owed to the United States by defendant Lawrence P. Miller.

15.

That there shall be no deficiency judgment or personal claim against defendant Lawrence P. Miller, a/k/a Lawrence Paul Miller, a/k/a Larry Miller.

16.

That the Stipulations for Entry of Judgment entered into between the United States and Defendants Carl Miller and Margaret Miller and Lawrence Miller be approved.

## ORDER FOR JUDGMENT

Let judgment be entered accordingly.

Dated this 26th day of June, 2006.

                                  */s/ Daniel L. Hovland*
                                  Daniel L. Hovland, Chief Judge
                                  United States District Court